IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TYLER SPARKS and
CYDNEY SPARKS                                                                        PLAINTIFFS

V.                                        NO. 6:17-CV-6077-RTD

RIVERWOOD INVESTMENTS, LLC
d/b/a RIVERWOOD INN                                                                  DEFENDANTS

XL SPECIALTY INSURANCE COMPANY                                                       INTERVENOR

**MEMORANDUM OPINION AND ORDER**

Now before the Court is the Motion for Partial Summary Judgment (ECF No. 40) filed by Intervenor XL Specialty Insurance Company (XL herein). Plaintiff Tyler Sparks and Defendant Riverwood Investments, LLC d/b/a Riverwood Inn (Riverwood Inn) have each filed a response in opposition to the motion (ECF Nos. 59, 61), and Intervenor has replied (ECF Nos. 65, 66). The matter is now ripe for review.

Plaintiffs Tyler and Cydney Sparks, husband and wife, are residents of Louisiana, and they bring this diversity action alleging negligence and claiming damages against Defendant Riverwood Inn. It is alleged in the complaint that, during his stay at Riverwood Inn, located in Arkansas, a stairway attached to the motel structure collapsed beneath Plaintiff Tyler Sparks causing him to fall and sustain serious bodily injury. Because Plaintiff was in Arkansas working on assignment for his Louisiana-based employer, Plaintiff filed a workers' compensation claim pursuant to the Louisiana Workers' Compensation Act. Intervenor XL is the workers' compensation insurer for Plaintiff's claim, and XL entered this case in hopes of recovering subrogation for benefits paid to Plaintiff. XL moves for partial summary judgment seeking this Court's determination that: (1) Louisiana law applies to its subrogation rights; and (2) under Louisiana law, XL is entitled to dollar-for-dollar

1

reimbursement for any amounts it has paid out of any recovery Plaintiff obtains against Riverwood Inn. For the reasons stated herein, the motion will be granted.

I.  BACKGROUND

The material facts relevant to XL's subrogation claim are not in dispute, and they are recounted here in a light most favorable to the non-moving parties. On or about July 30, 2016, Plaintiff Tyler Sparks was a paying guest of the Riverwood Inn. As Plaintiff attempted to walk to his motel room up a stairway connecting the first and second floor of the motel, a portion of the stairs gave way causing Plaintiff to fall and sustain injury to his right foot and lumbar spine. The Riverwood Inn, located in Glenwood, Arkansas, is owned and operated by Defendant Riverwood Investments, LLC, an Arkansas limited liability company. At the time of the incident, Plaintiff lived in Evangeline Parish, Louisiana, and was in Arkansas working on assignment for T & D Solutions, LLC (Employer), a Louisiana limited liability company based in Alexandria, Louisiana. Plaintiff was hired in Louisiana and briefly trained there. The terms of Plaintiff's employment agreement made clear that Employer was responsible for sending Plaintiff to Arkansas and paying for his travel and lodging expenses.

Following the injury, Plaintiff filed a workers' compensation claim pursuant to the Louisiana Workers' Compensation Act. XL is the workers' compensation insurer for Plaintiff's claim. XL asserts that as of July 2019, it has paid at least $8,000 for Plaintiff's medical expenses and more than $79,000 for past wage loss benefits arising from the incident. According to XL, the claim remains open, and XL continues to pay Plaintiff wage benefits of $593.59 per week plus the costs of any additional incurred medical expenses. On August 17, 2017, Plaintiffs Tyler and Cydney Sparks filed this diversity lawsuit for damages against Riverwood Inn alleging the Inn negligently failed to maintain the stairway and caused injury to Plaintiffs.

XL moved to intervene in this case as a matter of right contending that, under both the insurance policy issued to Employer and the Louisiana Workers' Compensation Act, XL is entitled

to recover subrogation from Riverwood, the alleged tortfeasor whose negligence is responsible for Plaintiff's injuries (ECF No. 31).  In response to the motion, Plaintiffs admitted XL is entitled to intervene but made clear their intent to seek a ruling from the Court on whether Arkansas or Louisiana law is controlling on XL's subrogation claim.  (ECF No. 33.)  The motion to intervene was granted with the order expressly stating, "the extent of XL's participation in the trial of this matter and the governing subrogation law will be determined prior to trial."  (Order, July 17, 2019, ECF No. 34.)  XL now moves for partial summary judgment on the issues of law governing its subrogation rights.

## II.     SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995).  The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986).  A fact is material only when its resolution affects the outcome of the case.  *Anderson*, 477 U.S. at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id*. at 252. The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most

favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### III.   DISCUSSION

#### A. Choice of Law

This Court must decide which State's law – Arkansas or Louisiana - governs the issues around XL's claim for reimbursement of the workers' compensation benefits. XL favors the application of Louisiana law in this case, because it allows a dollar-for-dollar right of subrogation out of any eventual recovery Plaintiff obtains from Riverwood Inn. Plaintiff Tyler Sparks contends that Arkansas law should apply to XL's subrogation rights. Arkansas has a "made-whole doctrine," and if Plaintiff's actual losses exceed the amount he recovers from Riverwood, the application of Arkansas law could very well bar XL from recouping anything. For its part, Riverwood Inn argues in favor of the application of Arkansas law, largely on the grounds that application of the "made-whole" doctrine will increase its prospects for settlement with Plaintiffs.

"A district court sitting in diversity must apply the choice-of-law rules of the state in which it sits." *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005, 1007 (8th Cir. 2008) (Arkansas Supreme Court would apply choice-of-law analysis for tort actions in a diversity case involving subrogation rights arising out of workers' compensation benefits paid to an employee); *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320 (8th Cir. 1991) (Arkansas courts consider different bases and significant contacts test for choice of law issues in actions *ex contractu*.) This case is a tort action involving

4

subrogation rights arising from the payment of worker's compensation benefits to an employee. Accordingly, this Court will apply Arkansas choice of law rules for tort actions.

According to the Eighth Circuit Court of Appeals, the Arkansas Supreme Court would not rigidly apply the rule that "the jurisdiction where the worker's compensation benefits are paid automatically has the most significant relationship to claims involving third-party tort settlements." *Lane v. Celadon,* 543 F.3d at 1008 (citations omitted). In Arkansas, the law has moved away from the mechanical application of the traditional rule, and this Court is to apply a more flexible approach when faced with a situation involving a choice of law between jurisdictions that have widely dissimilar laws. *Wallis v. Mrs. Smith's Pie Co.*, 261 Ark. 622, 628, 550 S.W.2d 453, 456 (1977).

The Arkansas Supreme Court has adopted the view that a forum court is free to apply the substantive laws of a state, other than the locus, when it finds that such state has the significant interest in the outcome of those issues. *Wallis*, 550 S.W.2d at 456. "In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship…to the occurrence …, in which event the local law of the other state will be applied." *Id.* (internal citations omitted). The analysis to be utilized in determining the choice of law in a tort action is to consider which state has the most significant interest in the outcome of the issue along with the five 'choice-influencing considerations' promulgated by Professor Leflar." *Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 238, 234 S.W.3d 838 (2006). The five factors are: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; (5) application of the better rule of law. *Id.*

Applying the foregoing principles to the present case, the analysis begins with a consideration of whether the workers' compensation issues have any significant contacts with

Arkansas. *Schubert v. Target Stores, Inc.*, 360 Ark. 404, 201 S.W.3d 917 (2005). At the time Plaintiff was injured, he and his wife were residents of Louisiana, and Plaintiff was working for a Louisiana employer who was responsible for paying Plaintiff's travel and lodging expenses. After he was injured, Plaintiff obtained worker's compensation benefits pursuant to the laws of the State of Louisiana, and Plaintiffs continue to reside in Louisiana. The connections the worker's compensation issues have with Arkansas are that Plaintiff sustained unplanned injuries while working on assignment in Arkansas on property owned and maintained by an Arkansas limited liability company. Under these facts, this Court finds that Louisiana has a more significant relationship with the workers' compensation issues in this case.

Next, the Court is to consider Leflar's five choice-influencing factors. *Gomez v. ITT Educational Services, Inc.*, 348 Ark. 69, 71 S.W.3d 542 (2002). Regarding first the predictability of results, this consideration "includes the … ideal that the decision in litigation on a given set of facts should be the same regardless of where the litigation occurs, so that forum-shopping will benefit neither party." *Id.* The question is "whether the choice of law was predictable before the time of the transaction or event giving rise to the cause of action, not to whether that choice was predictable after the transaction or event." *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 738 (8th Cir.), *cert. denied*, 516 U.S. 814, 116 S.Ct. 67, 133 L.Ed.2d 28 (1995).

Analyzing predictability of results with respect to Plaintiffs and the application of Arkansas law, it has been held that this consideration has no bearing in a case involving an unplanned injury. *Schlemmer v. Fireman's Fund Ins. Co.*, 292 Ark. 344, 730 S.W.3d 217 (1987). If Plaintiffs cannot predict the injury, they cannot predict anything about a lawsuit arising from the injury. Predictability of results has more significance with respect to the workers' compensation issues, because XL paid workers' compensation benefits as required by Louisiana law according to the terms of a policy issued to a Louisiana Employer whose covered employee is a Louisiana resident. Although Plaintiff's injury was unplanned, his workers' compensation benefits were pre-arranged.

Plaintiff's claim was made pursuant to a mandatory and carefully developed legislative compensation scheme designed by the State of Louisiana to protect its resident employers and employees, and it includes the right of subrogation against a third-party tortfeasor. The purpose of workers' compensation statutes is to protect both the employee and the employer or insurer. *Lane v. Celadon*, 543 F.3d at 1011. Predictability of results favors application of Louisiana law to the workers' compensation issues in this case.

The Court finds the second influencing factor, maintenance of interstate and international order, has little significance, if any, in this case, there being no evidence to suggest this decision will have any effect on interstate or international order. "When the forum state has little or no contact with a case and nearly all of the significant contacts are with another state, the second factor, maintenance of interstate and international order, suggest that the forum should not apply its own law to the dispute." *Hughes v. Wal-Mart Stores, Inc.*, 250 F.3d 618, 620-21 (8th Cir. 2001). Because the workers' compensation issues have significant contacts with Louisiana, the second factor favors application of Louisiana law to those issues.

There is not much to consider regarding the third factor, simplification of the judicial task, because this Court's task is not simplified by the application of either state's law. Furthermore, this Court is fully capable of discerning and applying both Arkansas and Louisiana law. "A federal district court is faced almost daily with the task of applying some state's law other than that of the forum state, and it is equally capable of resolving the dispute under Louisiana or Arkansas law." *Id.*

Looking to the fourth consideration, advancement of the forum's governmental interests, this Court examines the Arkansas contacts with the workers' compensation issues to determine this state's interests. *Schubert v. Target Stores, Inc.*, 360 Ark. 404, 201 S.W.3d 917 (2005). Plaintiff's injury occurred in Arkansas on a stairway that was allegedly negligently maintained by an Arkansas limited liability company. The State of Arkansas does have "at least some interest in

protecting nonresidents from tortious acts committed with the state, but even then, courts have recognized that the state's interest is only slight..." *Kenna v. So-Fro Fabrics, Inc.*, 18 F.3d 623, 627 (8th Cir. 1994) (compensation of an injured plaintiff is primarily a concern of the state in which plaintiff is domiciled) (citations omitted). While Arkansas has a significant interest in fully compensating its citizens who are victims of negligence, Plaintiffs are not residents of Arkansas. Neither is Plaintiff's employer nor XL a resident of Arkansas. Arkansas' connections with the workers' compensation issues in this case are extremely limited, and Arkansas' interests are outweighed by those of Louisiana. Accordingly, the fourth factor favors application of Louisiana law.

The fifth consideration, the better rule of law, is to be given little consideration in a case such as this, where the other Leflar factors point decidedly toward the application of one state's law. *Lane v. Celadon*, 543 F.3d at 1011. Recognizing that "states often have competing policy considerations for governing similar transactions or events in different manners such that the laws do not necessarily lend themselves to being labeled either 'better or worse…,'" the Eighth Circuit counsels against deciding which state has the better rule of law. *Id*. Because the other considerations consistently point to the application of Louisiana law to the workers' compensation issues in this case, this Court will not undertake to determine which state has the "better" law, because "which is better is a question of differing social policies reflected in the different choices made by state legislatures." *Id.*

Since the above analysis favors application of Louisiana law over the law of the forum state of Arkansas, Louisiana law will govern the workers' compensation issues, including XL's subrogation rights.

B. Louisiana Workers' Compensation Subrogation Rights

Under Louisiana law, a workers' compensation insurer, who intervenes in an action against a third-party who purportedly caused injuries to an employee to whom workers' compensation

benefits have been paid, is entitled to a "dollar-for-dollar right of subrogation out of any eventual recovery…paid to the injured employee by a third party tortfeasor." La.R.S. §23:1101 to §23:1103. Plaintiff and XL are co-owners of the right to recover damages from Riverwood Inn, and they are each obligated to bear their proportion of reasonable and necessary litigation expenses, including attorney's fees. *Taylor v. Production Services, Inc. of Mississippi*, 600 So.2d 63 (La. 1992). The intervenor's claim must be satisfied from the judgment. *Davis v. Louisiana Power & Light Co.*, 762 So.2d 229 (La.App. 5 Cir. 2000). If the damages are not sufficient or are sufficient only to reimburse the intervenor for the compensation which has actually been paid, such damages shall be assessed solely in favor of the intervenor. If damages are more than sufficient to reimburse the intervenor, the excess shall be paid in favor of the employee. *St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809 (La. 1992).

## ORDER

For the reasons stated above, the Motion for Partial Summary Judgment filed by Intervenor XL Specialty Insurance Company (ECF No. 40) should be and here by is **GRANTED**.

Defendant's motion for summary judgment (ECF No. 42), Plaintiffs' motion to continue the trial (ECF No. 51), Intervenor's motion to strike (ECF No. 68), and Defendant's motion in limine (ECF No. 74) remain pending before this Court, and the case remains set for trial the week of December 9, 2019.

**IT IS SO ORDERED**, this 9th day of October 2019.

*/s/ Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE